# WHEELING.

BOARD OF EDUCATION OF SHERMAN DISTRICT *v.* HOPKINS.

Submitted January 24, 1881. Decided December 3, 1881.

*(PATTON, JUDGE, Absent.)

The sheriff of Boone county made a settlement of his accounts with the commissioners; and they allowed him certain commissions. The Board of Education of Sherman District appeared before the county court of Boone county and resisted the confirmation of this report, because too much commission was allowed the sheriff; but it filed no formal exceptions to the report. The court overruled these objections and confirmed the report stating in its order, that no objections to its confirmation were urged. HELD:

---

*Submitted before JUDGE P. took his seat on the bench.

I. The circuit court of Boone county may review this order by writ of *certiorari* and may, if it find error on the face of the settlement in the allowing of these commissions, correct them.

II. If the circuit court in such case dismiss the *certiorari*, which it had awarded, for want of jurisdiction, this Court under the amendment of our Constitution, article VIII, section 3, may review this judgment of the circuit court; and the proper mode of reviewing it is by writ of error.

Writ of error to a judgment of the circuit court of the county of Boone rendered on the 21st day of April, 1880, in a case in said court then pending, wherein the Board of Education of Sherman District was plaintiff, and Mandeville J. Hopkins was defendant, allowed upon the petition of said board.

Hon. Evermont Ward, judge of the ninth judicial circuit, rendered the judgment complained of.

GREEN, JUDGE, furnishes the following statement of the case:

On April 2, 1874, the circuit court of Boone county appointed Wm. Thompson a commissioner to settle with the sheriff of Boone county and other officers, who might have money in their hands belonging to the county and districts of the county, to act in conjunction with the commissioner of the county court as provided by section 2 of chapter 198 of Acts of 1872–3; and at the November term 1877 of the county court of Boone Wm. C. Hopkins was appointed a commissioner to settle with the sheriff and other county officers. These commissioners made a settlement of the accounts of M. J. Hopkins, sheriff of said county. This settlement with him shows, that he had no funds in his hands belonging to the Board of Education of Sherman district, which was school district No. 3 of said county; but that on the contrary said board of education was indebted to said sheriff $8.06. These commissioners made this report November 1877; and the county court confirmed said report by the following order:

" In the matter of settlement between the county court and M. J. Hopkins, late sheriff of this county, the same having been referred to the commissioners of this court as prescribed by law for their report to this court; it being admitted that

the settlements made by the several boards of education of said county with said Hopkins, sheriff, was correct, except as to the question of commissions allowed by said boards, which question is submitted to the court, and after hearing the arguments of counsel for said boards as well as of the sheriff, the court is of opinion, that the report of said commissioners be confirmed, and that the commissions allowed are correct, and that said report, together with the vouchers accompanying the same, be filed with the clerk of this court and recorded as directed by law."

On October 12, 1878, the Board of Education of Sherman district of Boone county presented to the judge of the then 9th judicial circuit, in which Boone county was included, in vacation a petition asking, that he would award a *writ of certiorari* commanding the justices of the county court of Boone county or some one of them to send and certify the record and proceedings respecting the settlement of the accounts between M. J. Hopkins, sheriff of said county, and the petitioners with all things touching the same to the judge of Boone circuit court on or before the first day of the next term of said court. A copy of the record of the county court touching this matter including all the matters above stated certified by the clerk of the county court accompanied this petition; and the errors assigned were, that in the settlement of this account three per cent. commissions on certain sums were allowed the sheriff, when, it is claimed, no commissions should have been allowed; and seven and a half per cent. commissions were allowed on other sums, when under the law, it was claimed, only three per cent. commissions should have been allowed. If these alleged errors were corrected, the true amount due from this sheriff would have been on August 31, 1877, exclusive of interest to that date $194.25 instead of there then being a small balance in his favor. An attorney practicing in the circuit court of Boone certified, that there was error in said proceedings in said county court, and the same should be supervised and corrected. Reasonable notice was given to the sheriff, that this writ of *certiorari* would be asked. The writ of *certiorari* asked was awarded, issued and served. On the copy of the record certified by the clerk of the county court of Boone C. M. Fowler, one of the Justices of the Peace for

Boone county, made a return certifying, that the copy of the proceedings made by the clerk was full and correct.

On April 21, 1879, the following order was made in the circuit court of Boone county :

"The writ of *certiorari* awarded in October last in the above cause was this day returned executed, and Edmund M. Fowler, justice of the peace for said county, having in pursuance of the said writ, certified and sent annexed thereto a transcript of the record and proceedings respecting the settlement made in the county court of Boone county by commissioners, W. C. Hopkins and William Thompson, with M. J. Hopkins, late sheriff of Boone county, it is therefore ordered, that the said cause be placed upon the docket of this court for a trial to be had therein."

On the 17th day of September, 1879, the following order was entered :

"The said M. T. Hopkins, by Stollings and Watts and James H. Furguson, his attorneys, this day appeared specially for the purpose of objecting to the jurisdiction of the court, and the regularity of plaintiff's proceedings in this case; and thereupon the said defendant, by his said attorneys, moved the court to quash the writ of *certiorari* awarded in this cause, and to dismiss the same from the docket of this court for want of jurisdiction."

At a circuit court continued and held for the county of Boone, at the court-house thereof, on the 21st day of April, 1880, the following order was entered:

"This cause came on this day to be further heard upon the writ of *certiorari* and other proceedings had therein, and being argued by counsel, the court doth, upon consideration thereof, dismiss the same, and at the costs of the plaintiff, but without prejudice to their right to pursue any other remedy. And the court doth further direct, that the defendant recover from the plaintiff his costs in this behalf expended, including an attorney's fee of $5.00.   To which ruling of the court the plaintiff objects and excepts."

From which orders the Board of Education of Sherman District of Boone county obtained a writ of error to this Court.

*Thomas L. Broun* for plaintiff in error cited the following authorities: Acts 1872-3 pp. 382, 386; Acts 1877 p. 31; Acts 1872-3 p. 587; 3 H. & M. 252; Powell App. Pro. 350; 15 W. Va. 215; 20 Gratt. 522; 2 Va. Cas. 270; 12 Am. Dec. 527; 2 W. Va. 422; 4 W. Va. 371; 10 W. Va. 180; Story Law Pl. 365; 2 Bac. Abr. 182; 51 N. Y. 442; 52 N. Y. 538; 69 N. Y. 411; *Id.* 776; Acts 1872-3 p. 588.

*Watts & McCorkle* for defendant in error cited the following authorities: Code ch. 131 § 9; 10 W. Va. 128; 2 Munf. 242,

GREEN, JUDGE, announced the opinion of the Court:

The two principal questions presented by the record in this case are, first: Did the circuit court have jurisdiction to review by *certiorari* the judgment of the county court? and secondly: Has this Court a right to review the decision of the circuit court by writ of error? At common law the mode of correcting the error of an inferior court in its final judgment was by a writ of error issued by the appellate court as a matter of course, it being a writ of *right;* and it is only by reason of statute-law, that it ceases to be a writ of *right.* Where the legislature erected a new court of record, if that court exercises a particular jurisdiction according to the course of the common law, a writ of error would lie to its judgments; but where it acts in a new cause in a manner different from the common law, no writ of error would lie to its judgments. In such case the common law gave a mode of reviewing such judgments. This mode was by writ of *certiorari,* which however was not a writ of right. See *Wingfield* v. *Crenshaw,* 3 H. & M. 253; *Cunningham* v. *Squires,* 2 W. Va. 422; *Burke* v. *Supervisors of Monroe County,* 4 West Va. 371; *Meeks* v. *Windon et al.* 10 W. Va. 180; *Dryden* v. *Swinburn,* 15 W. Va. 251.

In this case by virtue of statute-law the sheriff made his settlement with two commissioners of the county, one of whom at least was required to be appointed by the circuit court. Acts of 1872–73, ch. 198, §2, p. 587. This settlement is an *ex parte* settlement made by the sheriff and is of all moneys in his hands for the use of a county, district or municipal corpo-

ration.    It is made by virtue of this statute without even any
previous order being made by the court directing such settle-
ment.    This settlement by the third section of said act, p.
588, is reported to the county court and is there subject to be
excepted to, which exceptions may be made by the order of
the court, by the prosecuting attorney or by any taxpayer;
and if sustained, the report is to be modified accordingly,
and if not sustained or modified, the report is con-
firmed by the county court and is ordered to be recorded,
when this settlement is deemed *prima facie* correct.    Now it
is obvious, that these proceedings are purely statutory and not
according to the course of the common law; and therefore the
judgment of the court confirming such report could not at
common law be reviewed by a writ of error, and we have no
statute authorizing the review of such a judgment by writ of
error.    The third section of ch. 15 of Acts of 1872-3, p. 43,
which confers appellate jurisdiction to the county court on the
circuit court, simply provides, that the circuit courts shall have
supervision of all proceedings before the county courts by
*mandamus,* prohibition and *certiorari;* and they shall have ap-
pellate jurisdiction upon petition and assignment of errors in all
cases of judgments, decrees and final orders, when the matter in
controversy is greater than $20.00.    This statute does not
specify the manner in which a judgment of a county court is to
be reviewed by the circuit court, and therefore the mode of
reviewing any particular judgment of a county court must be
the common law mode of review in such cases.    See *Dryden*
v. *Swinburn,* 15 W. Va. 255-256.

We have seen the common law mode of review in a case like
the present is by writ of *certiorari.*    But it is said, that the pecu-
liar nature and effect of the judgment of the county court in
this case precludes its review in this manner.    The statute we
have referred to, Acts of 1872-3 chapter 198 §3, p. 588,
declares, that such a judgment of the county court shall be
deemed only *prima facie* correct, and it is not therefore a *final*
end to the litigation of the parties.    Now if the mode of re-
viewing this judgment was by writ of error, there would, I
think, be great doubt, whether it could be reviewed because
of this want of finality in its operation and effect. (See 2
Munf. 242.)    But the Acts of 1872-3, chapter 15 § 3, p. 43,

declares, that the circuit court shall have the supervision and control of all proceedings before the county courts by *certiorari*. In the absence of any restriction by the Legislature the circuit courts would properly supervise the county courts in those cases, in which by the common law it was proper in this manner to exercise this supervision. Now the original mode of exercising this supervision by the writ of *certiorari* was to issue it, whenever such supervision was needed, and it was constantly issued during the progress of the proceedings in the inferior court. It is very true, that this practice does not prevail in the United States except to a limited extent; and it is here but rarely used till after the determination of the proceedings in the inferior tribunal. But this is not our invariable practice, thus in *Mackaboy* v. *The Commonwealth*, 2 Va. Cas. 268, Judge Smith, in delivering the opinion of the court says: "It would seem, therefore, that in our courts a *certiorari* may be awarded after verdict and before judgment." As therefore by the third section of chapter 15 of Acts of 1872–3 our circuit courts are expressly given the power to supervise *all* proceedings before the county courts by *certiorari*, and there is nothing in our statute to except this proceeding from supervision, and as it can only be supervised, as we have seen, by *certiorari*, I conclude, that it was liable to be supervised in that manner.

It is claimed however, that the circuit court in this case could not correct the supposed error in the county court in confirming a report of the commissioners, which on its face allowed, it is claimed, too much commission to the sheriff, because there were no exceptions filed to the report. It does not strike me, that the failure of a party to file exceptions to a commissioner's report, when the errors appear on the face of the report, could be regarded in the Appellate Court as a waiver of all objections by the party so failing. But be that as it may, it is obvious, that in this case it could not be considered in the Appellate Court, that there had been any such waiver, because on its face the order of the county court confirming the commissioner's report shows, that the same objections were urged to it in the county court, as were urged in the petition for a writ of *certiorari*, and a complete copy of the record was filed with the petition. There is nothing in

the case of *Shrewsbury* v. *Miller*, 10 W. Va. 128, which militates against this view ; for there the record showed, that no sort of objection had been urged in the court below.

It remains now to determine, whether this Court has appellate jurisdiction over the judgment of the circuit court, and whether it can be exercised by writ of error. If we have any appellate jurisdiction in this case, it can be exercised by writ of error and only in that manner. This after mature deliberation was the decision of this Court in *Dryden* v. *Swinburn*, 15 W. Va. 234. I am strongly inclined to the opinion, that prior to the recent amendment of our Constitution, which took effect from its adoption, this Court would have had no appellate jurisdiction in this case, because of the want of finality in the order of the county court. This order only made the report of the commissioners *prima facie* correct. It is true, that in a very similar case the Court of Appeals of Virginia in 1811 did decide, that they had appellate jurisdiction ; but they rendered this decision, as their opinion shows, hesitatingly ; and they based it on the wording of their statute allowing appeals, which differs from our statute. The court in that case say :   " The only doubt the court had upon the subject was, whether, inasmuch as the order of allowance by the court of Fairfax county was only *ex parte,* an appeal would lie from the judgment.   But considering that such *ex parte* settlement might operate injuriously to the appellee and others in the event of the loss of testimony and documents competent to impeach the allowance, when the same might hereafter be more deliberately questioned, the court is inclined to sustain the appeal under that provision of the act, which gives a right of appeal to all, who may be injured or aggrieved by the sentence or judgment of a county court in any suit or contest whatever."

Be this as it may, it seems to be clear, that since the passage of the amendments to our Constitution there can be no question, but that this Court has appellate jurisdiction in this case. The 3d section of article VIII of our Constitution as amended provides, that this Court shall have appellate jurisdiction "in cases of *quo warranto, habeas corpus, mandamus, certiorari* and *prohibition."* The word *certiorari* was inserted here for the first time in this amendment; and it places cases

of *certiorari* on the same footing as cases of *mandamus* and prohibition. In these cases this Court always had jurisdiction without reference to the amount involved or the character of the case. This constitutional amendment gives this Court appellate jurisdiction in this case, simply because it is "a case of *certiorari*."

It is claimed, that the circuit court could not have acted on this case, though the copy of the record was filed with the petition for a *certiorari*, because the return of the writ was made by one of the justices of the peace and not by the president of the county court. This, if it were true, would not have justified a dismissal of the case; but the circuit court should have ordered a new writ of *certiorari* to be served on the president of the county court and should have required him to make a return or answer to the writ. It is unnecessary to determine this point, as the case must be remanded to the circuit court, when the return and answer can be amended by its being made by the president of the court, who is certainly the most proper person to make such answer, if the present return should be objected to in the circuit court.

As the circuit court never acted on the merits of this case but dismissed it because of the supposed want of jurisdiction of the court, it would not be proper for us to consider the case on its merits; and we have not done so.

We for these reasons conclude, that the order of the circuit court of Boone county, made April 21st, 1880, dismissing this case at the costs of the plaintiff must be reversed and annulled, and the plaintiff in error, the Board of Education of Sherman district, must recover of the defendant in error, Mandeville J. Hopkins, sheriff of Boone county, its costs in this court expended; and this cause must be remanded to the circuit court of Boone county with directions to that court to permit answer or return to the writ of *certiorari* to be amended by its being made by the president of the county court of Boone county, if the present return is objected to in that court, or by awarding a new writ of *certiorari* in this case commanding the president of the county court of Boone the record and proceedings in this case to send and certify to the circuit court of Boone; and said court is also further directed

to proceed in this case according to the principles laid down in this opinion and further according to law.

JUDGES HAYMOND AND JOHNSON CONCURRED.

ORDER ANNULLED.    CAUSE REMANDED.