# CHARLESTON.

IN RE: ARBITRATION BETWEEN CARROLL HARDWOOD LUMBER CO. AND KENTUCKY RIVER HARDWOOD CO.

Submitted July 17, 1923.     Decided September 5, 1923.

CERTIORARI—*Judgment Refusing to Enter Award of Arbitration and Holding it Invalid, not Reviewable by Certiorari.*

Where there has been a judgment and final order of the circuit court refusing to enter an award of arbitration upon a submission *in pais* which provides that the award shall be entered as the judgment of the court, and holding that the award is invalid, null and void; the appellate court has no jurisdiction to review, reverse, modify or affirm such judgment and order by the extraordinary writ of certiorari.

94 W. Va.

Certiorari to review proceedings in the matter of the arbitration between the Carroll Hardwood Lumber Company and the Kentucky River Hardwood Company. *Dismissed.*

*Horace Meldahl,* for petitioners.

*C. W. Campbell* and *Mathews, Campbell & McClintic,* for respondents.

LIVELY, JUDGE:

The original papers have been sent up in obedience to a writ of certiorari awarded in vacation, the case briefed, argued and submitted. The controversy arises over complicated accounts existing between Carroll Hardwood Lumber Company, a corporation, Kentucky River Hardwood Company, a corporation, S. M. Croft, Samuel Stephenson, U. B. Buskirk and W. A. Williams, relating to the purchase and sale of timber lands in Kentucky and the manufacture of lumber therefrom. Various suits in equity had been instituted in Kentucky and West Virginia to adjudicate the differences between the parties, and were pending when the parties agreed in writing to submit their differences to the arbitrament of W. G. Conley, W. D. Payne and A. J. Horan. After long delay the arbitrators made an award on April 20, 1921, and a rule was awarded the Kentucky River Hardwood Company by the circuit court of Cabell county, against the Carroll Hardwood Lumber Company and the other persons named to show cause why the award should not be entered as the judgment of the circuit court of Cabell County, returnable on February 28, 1923. On that date Kentucky River Hardwood Company and Stephenson and Croft moved the court to enter that part of the award settling the differences between Kentucky River Hardwood Company and the Carroll Hardwood Lumber Company; and as to the differences between themselves as individuals and between themselves and the Carroll Hardwood Lumber Company they moved a recommitment to the arbitrators for further award. This motion was resisted by Carroll Hardwood Lumber Company, and on June 23d, 1923, the court refused to enter the award or any part thereof as the judgment of the court, and held the same to be invalid, null and void. To this final order this writ of certiorari was awarded

in vacation upon the petition of Croft and Stephenson. At a special term on July 17, 1923, the Carroll Hardwood Lumber Company moved to quash and dismiss the writ as improvidently awarded, demurred to the petition, and averred that only a part of the record of the suit had been brought up, and asked for the opportunity of answering the petition and bringing up the full record, if its motion to quash was denied and its demurrer overruled. It appears that many of the differences between the parties which were expressly submitted to the arbitrators were not covered, or attemptd to be adjusted by the award. It is alleged that the court did not err in refusing to enter a part of the award, and did not err in refusing to recommit the same to the arbitrators for further finding and award. On the other hand, it is insisted that all matters in difference between the Kentucky River Hardwood Company and Carroll Hardwood Lumber Company are fully covered by the award, and that the same is severable from the differences between the individuals, Croft and Stephenson, and between them and the Carroll Hardwood Lumber Company not covered or attempted to be covered by the award; and therefore, it was the duty of the circuit court to enter the award as the judgment of the court in so far as it adjusted the differences between the two corporations. Petitioners pray that the error of the lower court be corrected, and the circuit court be required by proper order of this court to enter the award, with the exception of paragraph three thereof, as the judgment of the court as between the two corporations, and for such other relief as to which petitioners may be entitled.

The demurrer and motion to dismiss challenges the jurisdiction of this court to entertain the petition and to award the writ of certiorari in cases of this character; and, logically, that point is first for consideration.

The original jurisdiction of the appellate court is limited to cases of habeas corpus, mandamus and prohibition; the appellate jurisdiction, among others, extends to cases of quo warranto, habeas corpus, mandamus, certiorari and prohibition, and in cases involving freedom, or the constitutionality of a law. Chap. 113, sec. 4, Code.

This case was not pending in the circuit court upon certiorari. It was a proceeding to have an award of arbitrators entered as the judgment of the court under chap. 108 of the Code. Had it been a certiorari case in the lower court, there is no question of our power to entertain it upon proper appellate process to pass upon errors alleged to have been committed; sec. 4, chap. 113, Code so provides. *Board* v. *Hopkins,* 19 W. Va. 84. At common law the function of the writ of certiorari was to remove a civil cause from an inferior to a superior court before judgment, where the superior court had original jurisdiction; and the case was retained and tried in the superior court. *Bee* v. *Seaman,* 36 W. Va. 381; 15 S. E. 173. Under secs. 2 and 3 of chap. 110, Code, judicial action is alone reviewable by the writ. *Railroad* v. *Triadelphia,* 58 W. Va. 488. But if the case, matter or proceeding may be reviewed by appeal, writ of error or supersedeas, or in any other manner, certiorari will not lie. It is an extraordinary remedy used in cases where there has been an error in justice, which cannot be reviewed and corrected by the ordinary forms of procedure. The circuit court, a court of general jurisdiction, may correct errors in any case or proceeding committed by an inferior tribunal in the absence of provisions for review and correction in any other manner. *Poe* v. *Machine Works,* 24 W. Va. 517; *Welch* v. *County Court,* 29 W. Va. 63; *Humphreys* v. *County Court,* 90 W. Va. 318.

"Under our statutes the proper mode of bringing up any judgment or order of a circuit court in controversy between parties for review by the supreme court of appeals, where such judgment or order is not in a chancery proceeding, is by writ of error." *Dryden* v. *Swinburn,* 15 W. Va. 234 (8th pt. syl.); *Board* v. *Hopkins,* 19 W. Va. 84. Sec. 1 of chap. 135 of the Code gives to a party to a controversy in a circuit court the right to obtain a writ of error or supersedeas to a judgment or order of such circuit court, in civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than $100, if the judgment or order be final. Can there be any question that the method of review of the order in the case at bar is by writ or error? If so, under our decisions it cannot be reviewed by writ of certiorari. That the

judgment and order of the circuit court is final, there can be no question; and it was held in the case of *Tennant* v. *Divine,* 24 W. Va. 387, that where an order of the circuit court setting aside an award made by arbitrators upon a submission *in pais* of matters as to which there is no action pending, but which provides that the award shall be entered as the judgment of the court, is such final judgment that a writ of error will lie from it to this court.

We are cited to *Morgan* v. *Railway Co.,* 39 W. Va. 17; and to *Railroad* v. *Triadelphia,* 58 W. Va. 487, as sustaining the proposition that certiorari is a proper proceeding in this court to review the final judgment or order of a circuit court.

These cases, cited, deal with the remedy as applicable in the circuit courts. It is said in the Morgan case that certiorari is an appellate writ, the counterpart of the writ of error. That is true, but as stated by Judge BRANNON in the discussion of the writ and its purposes; that it has always been the law that when it is proper to review the proceedings of inferior tribunals, and the law has not provided redress by appeal, writ of error or other process, then resort may be had to the writ of certiorari to prevent a failure of justice.

We conclude that we have no jurisdiction to entertain this controversy by the writ of certiorari, and hence cannot consider the assignments of error. The writ will be dismissed as having been improvidently awarded.

*Dismissed.*