Pennsylvania Labor Relations Board, Appellant,
*v.* Heinel Motors, Inc.

Argued January 26, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. Charles Short,* with him *M. Louise Rutherford,*
Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*B. D. Oliensis,* with him *J. Harry Wagner, Jr.,* and
*Nathan Ziserman,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 23, 1942:

This is an appeal by the Pennsylvania Labor Relations Board from the decree of the court below, setting aside an order of the Board, which directed appellee to reinstate two of its employees and to pay to them back wages.

The proceeding before the Board was instituted by a written complaint made by the Secretary of the United Automobile Workers, Local No. 258 of Philadelphia, alleging that the appellee terminated the employment of the two men, Robert Scarborough and Norwood Cummings, because of their membership in the Local.

At the threshold of disposition, we are met by the challenge of appellee's counsel to the right of the Board to take the appeal. The Act provides (Act June 1, 1937, P. L. 1168, Sec. 9, 43 PS Sec. 211.9(a)): "The jurisdiction of the court of common pleas shall be conclusive, and its judgment and decree shall be final, except that the same shall be subject to review by the Supreme Court on appeal *by either party,* irrespective of the nature of the decree or judgment or the amount involved." (Italics supplied.) It is contended that "either party" does not embrace the Board.

It cannot be said that the Board is a "party" to the litigation, in the sense that that expression is customarily used. We speak of parties plaintiff and defendant, but never, by the term party, refer to the tribunal to which a dispute or cause is referred for decision. Such a tribunal as the Labor Relations Board, quasi-judicial in character, intended to be impartial, given the power to hear and initially determine and adjudge, should not be able to convert itself into a litigant and become the partisan advocate of one or the other of the parties whose cause it has heard. This would tend to destroy its quasi-judicial character and its impartiality. Furthermore, to convert it into a party litigant would be to run counter to Pennsylvania's customs and traditions. Since Penn's

Frame of Government for the Commonwealth first established government by written limitations (subsequently in large measure carried into all our constitutions), it has been fundamental with us that judicial tribunals and quasi-judicial ones, should be limited to hear and decide, not to espouse any party's cause at any stage of proceedings. For the Board to become a litigant is repugnant to the traditional common law heritage of judicial detachment and freedom from interest. We believe that had the legislature intended to give the right of appeal to the Board, it would not have referred to it as a "party".

It is to be borne in mind that the pending controversy was instituted by the secretary of the Local. He, or it, was the moving party. The other party was the respondent employer. After hearing and decision, the only function which the Labor Board had to perform was to request the Court of Common Pleas to enforce its order. This was a part of its quasi-judicial function. If it steps beyond that, it loses its quasi-judicial character. This we think the legislature could not have intended.

The words "either party" are used earlier in the act and in close connection with their use relative to an appeal. It provides: "The findings of the Board as to the facts, if supported by evidence, shall be conclusive. If *either party* shall apply to the court for leave to adduce additional evidence, . . . the court may order such additional evidence to be taken before the board . . . ." (Italics supplied.) It would seem that in thus speaking of "either party" reference was not to the Board, which is to hear the evidence, but to the parties before it, complainant and respondent. We think the words were used in the same sense, and with the same meaning and designation, in providing for the appeal.

The National Labor Relations Act, as amended, (July 5, 1935, c. 372, Sec. 10, 49 Stat. 453; June 25, 1936, 49 Stat. 1921, 29 U. S. C. A. Sec. 160 (e) ) after which the Pennsylvania Act was modeled almost verbatim, does

not contain the words "on appeal by either party". They were placed in our act, by the legislature, for the evident purpose of limiting the appeal to the actual parties in interest who are concerned and affected, employees and employer.

What was said in *Lansdowne Board of Adjustment's Appeal*, 313 Pa. 523, 170 A. 867, where we held that the Board of Adjustment had no right of appeal from an order of the Court of Common Pleas reversing its decision, has application here. We there stated (p. 525) : "It is clear, however, that the board of adjustment, as a board, has not been and cannot be injuriously affected by the order, and hence has no standing to appeal. It might just as well be claimed that an auditor or master could appeal from a decree of the court sustaining exceptions to his report. As well stated in 2 R. C. L. page 52, section 33 : 'A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a [direct] interest in the subject-matter of the [particular] litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a [direct] interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.' "

*Public Service Commission v. B. & O. R. R. Co.*, 260 Pa. 323, 103 A. 724, where we held the Commission had the right to appeal, is distinguishable from the case in hand. We were in that instance dealing with an administrative agency, an arm of the legislature: *Com. v. Benn*, 284 Pa. 421, 131 A. 253. There the language of the Public Service Commission Act, as amended, (Act of June 3, 1915, P. L. 779, Sec. 30) was "any party to the record aggrieved . . . may appeal therefrom to the Supreme Court . . . ." The original Act of July 26, 1913, P. L. 1374, Art. VI, Sec. 21, provided that after an appeal was taken from the Commission to the Superior Court,

an answer shall be filed by the Commission. Chief Justice BROWN, speaking for the court on the right of the Commission to appeal, said that it "may be said to become a party to the record by the filing of its answer."

Had the legislature desired to grant the right of appeal to the Board, it could readily have done so. The language used in our opinion confers no such right.

Appeal dismissed.