Foster et ux. v. International Brotherhood of Teamsters, Chauffeurs, etc.

*J. R. Irwin Knox*, for appellant.

*George L. Reed* and *J. Charles Short*, for Pennsylvania Labor Relations Board.

PER CURIAM, November 7, 1942.—This case comes before us on the appeal of S. A. Foster, one of the respondents, from a decision of the Pennsylvania Labor Relations Board. At the argument, S. A. Foster was

represented by counsel; Local Union No. 585, International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, the complainant, was not represented; the Pennsylvania Labor Relations Board was represented by its counsel and filed its petition for enforcement of its order. These proceedings are statutory and are comparatively new in Pennsylvania, the Pennsylvania Labor Relations Board having been created and its powers and duties regulated by the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of June 9, 1939, P. L. 293.

There appears to be considerable confusion as to the proper procedure and, for the purpose of clarifying this procedure in the future and avoiding delays, we have concluded to dispose preliminarily of matters of procedure. Under the circumstances, the case should not in its present state be determined on its merits, for the reason that one of the parties has not had any opportunity to appear and, so far as the record shows, has no notice or knowledge of this appeal. It is an ancient and well-defined principle that in any litigation each party is entitled to be heard at each stage of the proceeding, and this particularly applies where the hearing will result in a final decision, subject only to appeal to the Supreme Court (see section 9 of the act). For the purpose of doing justice to both parties, we will now do what we should have done at the time the case was called for argument.

At the time the petition for appeal was presented, which either party had the right to do, petitioner applied for a stay of proceedings and, there appearing no reason why there should be any further proceedings until the appeal was determined, a stay was entered. At the argument when the right of counsel for the Labor Relations Board to be heard was challenged, its counsel then presented its petition for the enforcement of the Pennsylvania Labor Relations Board's order. The act creating this board provided for an appeal by

either party and a stay of proceedings. There is no occasion now for any petition to enforce the board's order, and it has no place in this appeal. The appeal was taken first, and under section 9 (*b*) of the act the court without more than the appeal "shall proceed in the same manner as in the case of an application by the board under subsection (*a*), and shall have the same exclusive jurisdiction to grant to the board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside, in whole or in part, the order of the board. . . ." We think this clearly shows that determination by the court on an appeal requires the court to do precisely what it would have been required to do if no appeal had been taken and the petition of the board had been presented praying for an enforcement of its order.

Where an appeal has been taken from a decision of the board, there is no final order to be enforced, and for this reason alone, if orderly procedure is to be followed, the petition for enforcement of the board's order should not be presented, at least until a final decision. We, therefore, find that the petition of the board for enforcement of its order was premature and the petition at this time must be refused. Such being the case, it cannot be made the basis of any right on the part of the Labor Relations Board to be heard on the appeal.

The next question arises regarding the insistence of counsel for the Pennsylvania Labor Relations Board on his right to represent the board and for it to be heard at the argument on an appeal from its decision. Section 9 (*b*) of the act provides:

"Any *person* aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought, may obtain a review of such order in the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in. . . ." (Italics supplied.)

The term "person" is defined in section 3(b) of the act as including an individual, partnership, association, corporation, legal representative, trustee, trustee in bankruptcy, receiver, or labor organization. There is nothing in the definition which by any possibility can be construed to include the Pennsylvania Labor Relations Board; and the language of the act as a whole makes it clear that neither the person aggrieved who applies for a review, nor the person in whose favor the reviewable decision was, could, by any possibility, be the Pennsylvania Labor Relations Board which was the judicial body deciding the case. The right of the Pennsylvania Labor Relations Board to be heard on an appeal from its decisions is no longer an open question. The answer has been definitely pointed out by what the Supreme Court of Pennsylvania has aptly said in Pennsylvania Labor Relations Board v. Heinel Motors, Inc., 344 Pa. 238. In that case the right of the board to appeal to the Supreme Court was challenged. Section 9 of the act provided that the decision of the court of common pleas may be reviewed "by the Supreme Court on appeal by *either party*". (Italics supplied.) In its discussion, the Supreme Court says (p. 239) :

"It cannot be said that the Board is a 'party' to the litigation, in the sense that that expression is customarily used. We speak of parties plaintiff and defendant, but never, by the term party, refer to the tribunal to which a dispute or cause is referred for decision. Such a tribunal as the Labor Relations Board, quasi-judicial in character, intended to be impartial, given the power to hear and initially determine and adjudge, should not be able to convert itself into a litigant and become the partisan advocate of one or the other of the parties whose cause it has heard. This would tend to destroy its quasi-judicial character and its impartiality. Furthermore, to convert it into a party litigant would be to run counter to Pennsylvania's customs and traditions. Since Penn's Frame of Government for the

Commonwealth first established government by written limitations (subsequently in large measure carried into all our constitutions), it has been fundamental with us that judicial tribunals and quasi-judicial ones, should be limited to hear and decide, not to espouse any party's cause *at any stage of proceedings.* For the Board to become a litigant is repugnant to the traditional common law heritage of judicial detachment and freedom from interest." (Italics supplied.)

If the board, because of public policy and the customs and traditions of Pennsylvania, cannot be a party to the litigation since it is to be an impartial board with the power to hear, initially determine and judge, then it is inconceivable that this board could be "any person aggrieved" by a final order of the board; and in attempting to intervene and be heard in an appeal from its decision the Pennsylvania Labor Relations Board most certainly misconceives the purposes for which it was created. If no appeal was taken, the board's application to the court for enforcement of its order is an administrative act, specifically provided for by the act which created the board, but when the board undertakes to control or influence the final result of an appeal from its decision it is proceeding beyond its authority and the purposes for which it was created. It becomes a litigant, a situation wholly inconsistent with its duties as an impartial arbiter.

Our conclusions leave the complainant without representation in this court and, as previously suggested, so far as we know without notice of this proceeding. Under section 4(f) of the act, the board has authority to make rules and regulations necessary to carry out the provisions of the act, but it was not suggested at the argument that there was any rule which required the opposite party to be notified of an appeal. So that complainant, who is a party of record to the litigation, may have notice and be heard, we will make an order accordingly.

For the purpose of pointing the way to the questions we desire to hear discussed in the argument which must be had, and without indicating any present views regarding the same, we suggest that the burden is on complainant to point out *evidence* (see section 9(*a*) of the act) or *substantial and legally credible evidence* (see section 9(*b*) of the act) supporting the findings of fact of the board upon which it could base its conclusions, specifically referring to the conclusions three, four and five (page 96 of the record), and, if there was discrimination as to any employe, what employes were so affected.

We have not and do not intend to discuss now the merits of the case or what final order should be made. That can follow after the appeal has been properly heard before us.

And now, November 7, 1942, it is ordered and decreed as follows:

1. That the petition of the Pennsylvania Labor Relations Board for the enforcement of its order is hereby refused as being prematurely presented.

2. That the prothonotary shall give notice to the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local Union No. 585, complainant, that this appeal is pending and that the same will be heard on the regular argument list for the November term of 1942, and that it may be represented and be heard if it so desires.

3. That this case be placed on the argument list for the November term, 1942, to be heard in regular order.