## Metropolitan Life Insurance Co. v. Insurance Guild, Local No. 22. No. 1

*Owen B. Rhoads*, for Metropolitan Life Insurance Company.

*Louis F. McCabe*, for Insurance Guild, Local No. 22.

*George L. Reed* and *Alex Satinsky*, for Pennsylvania Labor Relations Board.

CARROLL, J., May 14, 1943.—This matter comes before the court upon a motion of the Metropolitan Life Insurance Company, appellant, to strike from the record the pleading of the Pennsylvania Labor Relations Board which is an answer of the Pennsylvania Labor Relations Board to the petition for review and a cross-petition for the enforcement of its order.

On March 5, 1943, the Pennsylvania Labor Relations Board entered a decision and order against the Metropolitan Life Insurance Company to which that company, as a party aggrieved, filed a petition for review with this court on March 20, 1943, and on March 23rd this court entered an order staying further proceedings pending final determination of the matter under the petition for review. Thereafter, the Pennsylvania Labor Relations Board filed a single pleading entitled "Answer of the Pennsylvania Labor Relations Board to the Petition for Review and Cross-petition for Enforcement of Its Order."

The Metropolitan Life Insurance Company thereupon moved to strike this pleading from the record, contending that the board is not a party to the litigation, hence, not entitled to file an answer to the petition; a review of the order of the board is a matter of right; an answer by the board was not required; it cannot raise any issues for determination by the court

and there is no place in the proceedings for a cross-petition by the board for the enforcement of its orders.

Notwithstanding the singleness of this pleading, its averments and prayer following its title are dual in nature, and insofar as the board thereby attempts to enter into a review of the case and become a "party" in the proceeding it should be stricken from the record. To do this, however, would at the same time strike from the record the petition of the board for the enforcement of its order, which is a function given to the board by the legislature. To require this pleading to be separated into two single pleadings would not be of assistance in any manner in making a proper determination of the important question raised, but would entail further delay to the final consideration of an issue which has been delayed much too long already. This action was instituted before the board in 1938 and a final determination from which an appeal could be taken was not made until 1943, a period of almost five years. Such delay, without any apparent reason, contravenes not only the spirit but one of the very purposes of the act of assembly. The attainment of the ideals of freedom from want and freedom from fear will be delayed and retarded by labor disputes that are long extended by the litigants or unduly prolonged by the judicial process. We, therefore, will treat the pleading as an effort on behalf of the board to enforce its order.

The first question before the court calls for an interpretation of the proper position of the Pennsylvania Labor Relations Board under the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended by the Act of June 9, 1939, P. L. 293, 43 PS §211.1 et seq. By filing an answer, the board is assuming the position of a party litigant, by such answer it is asking our court to deny to the party aggrieved by its order the right to a review. This right is clearly given by section 9(b) of the act which provides as follows (43 PS §211.9):

"(b) Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought, may obtain a review of such order in the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in, or wherein such person resides or transacts business by filing in such court a written petition praying that the order of the board be modified or set aside."

Confronted by such a clear grant of a right to review, this court cannot entertain any answer or motion which would tend to deny that right. If we assume that by its answer the board is not opposing a review, but is only contending its order was correct, this pleading is unnecessary. Its effect could be accomplished by a written opinion setting forth findings and reasons and if, after review, this court is of the opinion that the action of the board was proper it will order its enforcement. That would be in conformity with the quasi-judicial character of the board.

This court is in full sympathy with that which is sought to be accomplished by the Pennsylvania Labor Relations Act and by the board as its administrative body. Under the act, the board is given wide powers. The board is quasi-judicial in character and, as such, acts as the judge; it is also a fact-finding body and, in that capacity, acts as the jury. However, it would destroy the faith of the public in its impartiality for the board also to become a party or litigant. By seeking to dominate every position relative to the controversy it might appear that the board was seeking to avoid inquiry into the propriety of its actions.

Counsel for the board refers our attention to the opinion of Chief Justice Hughes in Ford Motor Co. v. National Labor Relations Board, 305 U. S. 364 (1939), where, discussing the National Labor Relations Act, the Chief Justice said (p. 369):

"The aim of the Act is to obtain simplicity and directness both in the administrative procedure and on judicial review."

This court wholeheartedly agrees that simplicity and directness are desirable, but there is a point beyond which this argument may be used to concentrate every function of government or every right of judicial determination in a single person, or board, and thus destroy the checks and balances which are a fundamental part of our constitutional system and the judicial system which it establishes. We believe that to hold the board to be a litigant as well as the judge and the jury would weaken rather than strengthen the respect of the American public for the board. In the absence of a clear grant of such power, this court will not write into the act by a forced construction an interpretation so violently opposed to our fundamental principles.

Whatever may be the attitude of other courts and the interpretation placed upon similar labor relations acts by the courts of other jurisdictions, we consider the interpretation by the Supreme Court in Pennsylvania Labor Relations Board v. Heinel Motors, Inc., 344 Pa. 238 (1942), as controlling the interpretation which our courts shall place upon the act. In that opinion Mr. Chief Justice Schaffer stated as follows (pp. 239, 240):

"It cannot be said that the Board is a 'party' to the litigation, in the sense that that expression is customarily used. We speak of parties plaintiff and defendant, but never, by the term party, refer to the tribunal to which a dispute or cause is referred for decision. Such a tribunal as the Labor Relations Board, quasi-judicial in character, intended to be impartial, given the power to hear and initially determine and adjudge, should not be able to convert itself into a litigant and become the partisan advocate of one or the other of the parties whose cause it has heard. This would tend to destroy its quasi-judicial character and its impartiality. Furthermore, to convert it into a party litigant would be to run counter to Pennsylvania's customs and

traditions. Since Penn's Frame of Government for the Commonwealth first established government by written limitations (subsequently in large measure carried into all our constitutions), it has been fundamental with us that judicial tribunals and quasi-judicial ones, should be limited to hear and decide, not to espouse any party's cause at any stage of proceedings. For the Board to become a litigant is repugnant to the traditional common law heritage of judicial detachment and freedom from interest. We believe that had the legislature intended to give the right of appeal to the Board, it would not have referred to it as a 'party'."

We cannot accept the view urged upon us by counsel for the board that this case is not ruled by this decision. The language is clear and mandatory and there is nothing in it that would prevent the board from appealing from a decision of a court of common pleas refusing to enforce the board's order on a petition filed for this purpose. In the same decision, at page 240, it was held:

"After hearing and decision, the only function which the Labor Board had to perform was to request the Court of Common Pleas to enforce its order. This was a part of its quasi-judicial function. If it steps beyond that, it loses its quasi-judicial character. This we think the legislature could not have intended."

The other question in the case is whether the board has the right to petition for enforcement of its order *while a review is pending*. Inasmuch as this right is conferred by the act of assembly without limitation or restriction, we hold that such petition may be filed at any time. Whether the common pleas court desires to hear and dispose of the board's petition to enforce and the appellant's petition to review at the same time seems to be a matter of judicial discretion in each particular case.

The right given to the National Labor Relations Board and the Pennsylvania Labor Relations Board to

petition the court for the enforcement of their orders, no power to enforce their own orders having been conferred upon them by the statute, in no way justifies an inference that the legislature intended to give the Pennsylvania board a right to enter into the case as a party litigant in a review of its own official decisions.

There may be times when the delay occasioned by a review would substantially defeat the effectiveness of an order of the board. Section 9(a) grants to the board power to petition the court of common pleas for the enforcement of its order or a modification of such order, and for appropriate temporary relief or restraining order. While nothing appears by the facts or contentions before this court which would necessitate such immediate action, nevertheless, the power to petition for enforcement of its decree still remains. We are compelled to disagree with the decision of the learned Court of Common Pleas of Washington County in the case of Foster et ux. v. International Brotherhood of Teamsters, Chauffeurs, etc., 45 D. & C. 591 (1942), denying the right of the board to present a petition for enforcement until the petition for review has been finally adjudicated.

This court will consider plaintiff's petition for review and defendant's petition for the enforcement of its order simultaneously. We find that such procedure will greatly facilitate a final disposition of the matter in our court, as it has in those courts of the United States where it has been established by rule and by practice. Rule 20(4) of the United States Circuit Court of Appeals for the Third Circuit provides as follows:

"(4) Cross-Petition for Enforcement. When a petition for the review of an order of an administrative agency, board or commission is filed, the agency, board or commission may, if this court has jurisdiction to enforce the order, file a cross-petition for its enforcement, together with a copy thereof for the petitioner for re-

view. The cross-petition shall be served by the clerk in the manner prescribed by subdivision (b) of Rule 73 of the Federal Rules of Civil Procedure. (See Appendix 1.) No answer need be filed thereto."

Accordingly, the pleading as an answer to the petition for the review is stricken from the record on motion of the appellant, Metropolitan Life Insurance Company, but it is permitted to remain as a petition to enforce its own order and the motion of appellant, Metropolitan Life Insurance Company, to strike it off the record as such is denied.

Insofar as the order of this court entered March 23, 1943, ordering a stay of proceedings, may affect the right of the Pennsylvania Labor Relations Board to file its petition to enforce its order, the said order is hereby modified to permit the filing of said petition.