# In re Metropolitan Life Insurance Company

*Owen B. Rhoads*, for Metropolitan Life Insurance Co.

*Louis F. McCabe*, for Insurance Guild, Local No. 22.

*George L. Reed* and *Alex Satinsky*, for Pennsylvania Labor Relations Board.

LEVINTHAL, J., May 28, 1943.—On March 20, 1943, the Metropolitan Life Insurance Company filed a petition for review of the decision and order of the Pennsylvania Labor Relations Board in the matter of Insurance Guild, Local No. 22, United Office and Professional Workers of America, complainant, and Metropolitan Life Insurance Company, a corporation, respondent, case no. 265 of the year 1938. To this petition the board filed an answer and cross-petition for enforcement of its order. On March 31, 1943, upon consideration of the answer and cross-petition, we granted

a rule to show cause why the order of the Pennsylvania Labor Relations Board should not be enforced. The insurance company thereupon filed its petition for a rule to show cause why our order of March 31st should not be vacated and why the answer and cross-petition of the board should not be stricken from the record.

In effect, the matter is now before us on a rule to show cause why a rule to show cause should not be vacated. Though, generally speaking, this is improper practice, the question has not been raised by the board, and in some situations the propriety of such procedure has been sustained. See Woodward, Motions and Rules in Pennsylvania, 307.

We shall confine ourselves to the question raised by the parties: May the Pennsylvania Labor Relations Board file an answer to a petition for review and, simultaneously and in the same pleading, file a cross-petition for enforcement of its order?

The power of the board to file concurrently an answer to the petition for review and a cross-petition for enforcement must be separately considered, for the two proceedings are distinct, although involved in both is the identical issue, the validity of the order entered by the board. In Ford Motor Co. v. National Labor Relations Board, 305 U. S. 364 (1939), the Supreme Court of the United States sustained the power of the National Labor Relations Board to file a denial to a petition for review and, in the same proceeding, to seek an enforcement of its order. The Supreme Court said in that case (p. 370) :

"While in the instant case there are two proceedings, separately carried on the docket, they were essentially one so far as any question as to the legality of the Board's order was concerned. Petitioner's answer in the Board's proceeding presented substantially the same objections as those raised in petitioner's proceeding for review. The present contentions of the parties are largely addressed to procedural distinctions, but if

we follow the course of the two proceedings we find there is really but one. ultimate question . . . As on the Board's petition the court could grant affirmative relief to the person against whom the Board's order was directed, so on the court's entertaining the petition of that person for review the Board could seek not merely to have the petition denied but to have its order enforced, regardless of any separate proceeding to that end."

Though a decision of the Supreme Court of the United States involving the construction of an act of Congress is not controlling in a case involving the construction of a State statute, even where, as in this case, the State statute has been modelled almost verbatim after the Federal act, it is entitled to consideration. It is to be noted, however, that in the Ford Motor Co. case, supra, the Supreme Court takes for granted, without much discussion, the power of the board to file an answer to the petition for review, unaccompanied by a cross-petition for enforcement, and concludes that since the same substantive issue is involved in the petition for review and in the petition for enforcement the board may file an answer to the former and also a counter-petition for the enforcement of its order in the same proceeding. Conversely, if we assume for the moment that the board may seek enforcement of its order after the petition for review has been filed, it would seem that no harm càn be done by allowing the answer to stand. On the other hand, because of the identity of the issues involved, the rights of the board will not be prejudiced if the answer be stricken off, since the cross-petition for enforcement presents the complete issue for the determination of this court. Though the rigidity of the rules of pleading as practiced in common-law days has been considerably relaxed in modern times, we do not feel justified in sanctioning a practice that encourages looseness of pleading, merely because, under the facts of the particular case, no prejudice will result.

We are of the opinion that there are two distinct questions before us: (1) May the Pennsylvania Labor Relations Board file an answer to a petition for review? (2) May the board file a petition for enforcement while the review is pending?

On the first question, we are governed by Pennsylvania Labor Relations Board v. Heinel Motors, Inc., 344 Pa. 238 (1942), which, we believe, provides the key to the answer. That case holds that the board may not take an appeal from a decision of the common pleas court in the absence of a provision in the Pennsylvania Labor Relations Act conferring such right. Mr. Justice Schaffer said (p. 239): "Such a tribunal as the Labor Relations Board, quasi-judicial in character, intended to be impartial . . . should not be able to convert itself into a litigant and become the partisan advocate of one or the other of the parties whose cause it has heard." There can be no gainsaying that judicative and advocative powers are generally incompatible, and that their co-existence in the same quasi-judicial tribunal should be denied unless there be clear legislative intent to the contrary. No provision in the Pennsylvania Labor Relations Act has been called to our attention which confers upon the board the power to file an answer to a petition for review. Able counsel for the board argues that a public right is intended to be protected by the act, that the remedial objectives of the act cannot be achieved if the right of judicial review be limited to private litigants alone, and that the board should not be precluded from showing why its orders should be enforced. We concede that the public is vitally concerned in many labor disputes, and that the public may be said to be a quasi-party thereto. This is particularly true in these exigent times when labor difficulties may well hamper the war effort. It is also obvious that it is important for the court in considering the review of the board's order to have the benefit of the board's reasons for its decision. It does not fol-

low, however, that the board need be accorded the prerogatives of a party litigant in order to inform us of the basis for its orders. The board may and should file an opinion, setting forth its findings, the evidence on which they are based, and the reasons for its order in all cases in which a petition for review is filed. Moreover, there can be no valid objection to the board's filing supplemental opinions, if required by the public interest or the circumstances of the particular case. An answer to the petition for review is not necessary and we therefore conclude that the answer filed by the board in this case should be stricken off.

The counter-petition for enforcement filed by the board we shall treat as an original petition for enforcement. We apprehend that the right so to do is a matter of judicial discretion. This brings us to the second question herein: May a petition for enforcement be filed before the final disposition of a petition for review? In Foster et ux. v. International Brotherhood of Teamsters, Chauffeurs, etc., 45 D. & C. 591 (1942), the Court of Common Pleas of Washington County, in a per curiam opinion, denied the right of the board to file its petition for enforcement while the petition for review was pending. In Metropolitan Life Ins. Co. v. Insurance Guild (No. 1), 48 D. & C. 355, the facts of which were substantially the same as those of the instant case, Judge Carroll disagreed with the Foster case and held that the board may seek to enforce its order even before the final adjudication of the petition for review. With this we are in accord. To hold otherwise would provoke a speed contest between the board and the aggrieved party, wherein each would endeavor to file its petition first. We do not think the legislature intended to make the time during which the board may file its petition for enforcement depend upon the celerity with which it acted.

Accordingly, the insurance company's rule to vacate the court's order of March 31, 1943, is to be treated as two separate rules: (1) Why the answer of the board to the petition for review should not be stricken from the record; and (2) why the cross-petition for enforcement of its order should not be stricken from the record. We hereby make the first rule absolute and we discharge the second.