### Meeks *v.* Windon *et al.*

(Absent, Johnson, Judge.)

Decided April 28, 1877.

1877.
January Term.

1. Where it is proper to review the proceedings of inferior jurisdictions, where neither appeal, writ of error or *supersedeas* are allowed to lie, resort may be had to *certiorari*.

2. Although it may be proper for circuit courts, in some cases of decisions upon appeals from judgments of justices by county courts, to exercise the writ of *certiorari*, "to see whether the limited jurisdiction have exceeded their bounds," but not to try the merits of the question, yet if the court goes beyond its legitimate powers in its attempt to exercise its jurisdiction by *certiorari*, an appropriate case is presented for interference by prohibition.

3. No cause or ground is shown in this case for exercising the writ of *certiorari*, even if jurisdiction was given by the constitution and legislation.

4. Although it may be possible that the merits of the case have been erroneously decided, the writ of *certiorari* cannot be made a substitute for the inhibited appeal, *writ of error* or *supersedeas*, to review the case upon its merits.

At a Supreme Court of Appeals held on 11th July, 1876, upon the petition of James R. Meeks, a rule was awarded against Hon. Joseph Smith, Judge of the circuit court of Mason county, to show cause, if any he could, why a writ of prohibition should not be awarded prohibiting him from further proceedings upon a judgment of the county court of said county, rendered on 18th November, 1875, in a cause brought to said county court by appeal from a judgment of a justice, in which James R. Meeks was defendant and appellant and Joseph

Windon and others were plaintiff and appellees, which said cause the said Judge had, by his writ of *certiorari*, ordered to be brought before the said circuit court for further adjudication.

The case was heard upon the said rule.

*Charles E. Hogg,* for plaintiff:

The main question before the Court is, whether a circuit court has jurisdiction in *certiorari* to review a judgment of a county court rendered upon an appeal from a justice's court.

The question must be presented and argued more from the standpoint of constitutional construction than in the light of settled adjudication.

Law relied on by the defendants found in section twelve of article eight of the constitution of West Virginia.

It is a well settled principle of law that statutes should be so construed as to render all their parts and clauses operative.

*Vide* 6 Bac. Abr., 380; 1 Munf., 205.

It is also a well settled principle of law that in the construction of statutes, that *general words* in a clause thereof may be *restrained* by particular words in another clause, subsequent thereto. 1 Munf., 201; 6 Bac. Abr., 381; 2 Call, 406.

A subsequent clause in the same article (article twelve of the constitution of West Virginia), to be found in section twenty, qualifies and limits the meaning of the first clause in section twelve of article eight of the constitution of West Virginia.

If the decision of the county court is final (*vide* constitution of West Virginia, article eight, section twenty), upon an appeal from the judgment of a justice, then it determines *all* litigation upon the same cause, and upon the same right. 1 Kent Com., 316; 1 Bouv. Law Dic., Ed. 1874, p. 587.

By a resort to, and maintenance of, the writ of *cer-*

*tiorari* in this case, the respondent to this rule *nisi* for a prohibition will attain the same objects that he would by a resort to, and maintenance of, a *writ of error* or *supersedeas*. But the writ of error or *supersedeas* does not lie from the circuit court to a judgment of the county court upon an appeal from the judgment of a justice. Acts of Legislature of West Virginia, 1872–3, sec. 3, p. 57.

This is not a proper case for a *certiorari*. For *certiorari* only lies where the lower court does not proceed according to the common law. 5 Dane's Abr., chap. 138, §13, p. 87.

The evident meaning of the first clause of section twelve of article eight of the constitution of West Virginia is, that wherever it is proper for the circuit court to supervise the proceedings of the county courts and other inferior tribunals, in cases wherein appeal, writ of error, or *supersedeas* does not lie, that then the writ of *mandamus*, *prohibition* or *certiorari* may be resorted to.

Cases have arisen in the courts of Virginia, which I consider exactly in point, and these courts have invariably *held* that the proceedings of inferior tribunals upon appeals from justices, could not be reviewed by writ of *certiorari*.

2 Leigh, *Hay's adm'x v. Pistor*, 707—a civil action; and 3 Leigh, *Tankersley v. Lipscomb*, 813—a criminal case.

*John W. English,* for the defendants, referred the Court to the following authorities:

*State v. Kyle,* 8 W. Va., 711; Cons. W. Va., art. 8, §12; Acts 1872–3, ch. 15, §3; Cons. W. Va., art. 8, §29; *Cunningham v. Squires,* 2 W. Va., 422; 2 Chitty's Pr., 374–5; 5 Dane's Abr., 93, §8; 2 Binn., 1140; *Rex v. Jukes,* 11 C. L. R., 295; *King v. Reeves et al.,* 1 Bl. R., 235; *Buhlman v. Commonwealth,* 5 Burn. (Pa.), 26–7–8; *Leroy v. Mayor,* 20 Johns., 437; *Starr et al. v. Trustees of the Village of Rochester,* 6 Wend. 564; 1 Tidd Pr., 398, n. a; 2 Chitty's Pr., 219; 11 Mass.,

467 ; *B. Cooper and J. Cooper v. Saunders & Hopkins*, 1
H. & M., 419 ; *Hay v. Pistor*, 2 Leigh., 767, in connec-
tion with 1 Rev. Code, 1819, p. 230, ch. 69, §9 ; *Win-
ter v. Fitzpatrick*, 35 Cal., 269 ; *People v. Board of As-
sessors*, 39 N. Y., 81 ; *State v. Hudson*, 3 Vroom (N. J.),
365 ; Powell on Appellate Pro., 349 ; Acts 1872–3, ch.
226, §123.

MOORE, JUDGE :

In an action by Joseph Windon against James R.
Meeks, before a justice of the peace in Mason county,
"for the recovery of debt due for season of mare," judg-
ment was rendered October 2, 1875, in favor of the
plaintiff for the sum of $15.00, and the costs of action,
$7.20. The defendant appealed from the judgment to
the county court. Upon the trial of the appeal, the
county court found for the defendant, and gave judg-
ment for costs against the plaintiff. The plaintiff then
applied for and obtained from the Judge of the circuit
court of Mason county a writ of *certiorari* to remove the
record of the said proceedings and judgment from the
county court to the circuit court for supervision.

The case is now before us upon the circuit Judge's
return, or answer to a rule issued by this Court re-
quiring him to show cause why a writ of prohibition
should not be awarded prohibiting him from any further
proceedings therein, &c.

The answer made by the Honorable Judge shows, that
he directed the writ of *certiorari* to issue by virtue of
the twelfth section of eighth article of the constitution,
upon a petition complaining of erroneous proceedings
by the county court, accompanied by a certified copy of
the record of the proceedings complained of.

As the record before us does not contain the petition
referred to by the answer, and as the answer itself, does
not state what were the proceedings complained of, we
are necessarily limited in our investigation and consid-
eration of the question intended to be presented for our

adjudication, which is one of jurisdiction—that is, the right of a circuit court to exercise supervision by *certiorari* over the proceedings before the county court in cases of appeal from the judgment of a justice of the peace.

The constitution, article eight, section twenty-nine, declares : "The county court shall have jurisdiction of *all* appeals from the judgment of the justices, and their decision upon such appeal *shall be final in all cases*, except such as involve the title, right of possession, or boundaries of lands, the freedom of a person, the validity of a law, or an ordinance of any corporation, or the right of a corporation to levy tolls, or taxes."

The *act* that carries into operation that provision of the constitution, is in exactly the same language. Chapter thirteen, section six, page thirty-six, Acts 1872-3.

It is plain from the record of this case, that it is not one of the excepted cases, and therefore the decision upon the appeal must be final under the authority just cited.

But it is argued that the twelfth section, article eight, constitution, provides for a supervisory jurisdiction in such a case as this, because it declares, "The circuit courts shall have the supervision of *all proceedings* before the county courts and other inferior tribunals by *mandamus, prohibition* and *certiorari*," which is the exact language, also, of the operating *act*, chapter fifteen, section three, page forty-three, Acts 1872-3, and that it was intended, simply, to prohibit the Legislature from passing any law allowing appeals to the circuit courts in such cases, and to make the action of the county court final only as to the merits of the case, but to leave the power to correct irregularities, or errors, on the face of their proceedings, in the circuit courts.

In answer to that position, I am of opinion that whatever may be the proper construction of said article eight, section twelve, or of the legislation in that respect, it is

not within the province of this Court to declare it until a proper case is presented.

This case, however, as presented to us, does not show any reason why the writ of prohibition should not issue, but on the contrary, taking the record of the proceedings of the county court, and the answer of the Judge upon the return of the rule, it seems to me that the circuit court has exceeded its jurisdiction in attempting to supervise this case by *certiorari*.

As we have seen, article eight, section twenty-nine, of the constitution, and chapter thirteen, section six, Acts 1872-3, not only give to the county courts jurisdiction of *all appeals* from the judgment of the justices in cases like this, but go further, and declare that *their decision* upon such appeal *shall be final*. And chapter seventeen, section three, Acts 1872-3, declares that, " *No petition* shall be *presented* for an appeal from, or writ of error or *supersedeas* to, * * * * * any judgment of a county or corporation court, which is rendered on an appeal from the judgment of a justice."

Now, whilst it is true, as argued, that where it is proper to review the proceedings of inferior jurisdictions, where neither appeal, writ of error or *supersedeas* are allowed to lie, resort may be had to *certiorari;* and although it may be proper for circuit courts, in some cases of decisions upon appeals from judgments of justices by county courts, to exercise the writ of *certiorari,* " to see whether the *limited* jurisdiction have exceeded their bounds," but not to try the merits of the question, yet, if the circuit court goes beyond its legitimate powers in its attempt to exercise its jurisdiction by *certiorari,* an appropriate case is presented for interference by prohibition. High's Extra. Leg. Rem., §781 and note 4.

In the case before us, upon the return to the rule to show cause, I am of opinion, that the rule should be made absolute, because the respondent has not, in his answer, shown any cause or ground for exercising the writ of *certiorari,* even if he had jurisdiction by virtue

24

of the constitution and legislation of the State. And so far as can be discovered from the record of the proceedings in the county court, it does not appear that the party plaintiff has been injured by any error or irregularity committed by the county court, in its proceedings; and although it may be possible that the merits of the case have been erroneously decided (which does not appear from the record), yet I know of no precedent in which the writ of *certiorari* can be made a substitute for the inhibited appeal, *writ of error,* or *supersedeas,* upon a review of the case upon the merits.

I am, therefore, of opinion that a writ of prohibition should be awarded in this cause, with costs against the defendant, Joseph Windon.

WRIT AWARDED.