J. TAYLOR FRAZIER, *et al. v.* D. M. EASLEY, JUDGE, *et al.*

(No. 8912)

Submitted April 18, 1939. Decided May 2, 1939.

*Arthur F. Kingdon,* for petitioners.
*Luther G. Scott,* for respondents.

FOX, PRESIDENT:

This proceeding involves the construction of Article 6 of Chapter 56, Acts of the Legislature 1937, and especially Section 25 thereof under which the circuit court of any county is, under certain circumstances and upon notice and hearing, authorized to make minor boundary adjustments of municipalities coming within the act.

The City of Bluefield, a municipal corporation coming within the terms of the act, filed with the circuit court of Mercer County a petition to extend the boundaries of said municipality to include a boundary of about fifty-seven acres of land. On Febuary 8, 1939, the circuit court being of the opinion that the proposed annexation of territory was a minor boundary adjustment, entered an order fixing the 13th day of March, 1939, as the date for a hearing upon the allegations of the petition filed, setting up the boundaries of the territory proposed to be annexed and directing publication of a copy of said petition in a local newspaper. The petition filed in this court prays for a writ of prohibition against the judge of the circuit court of Mercer County and the board of directors of the City of Bluefield, averring that said court is without jurisdiction to hear the said petition or to annex said territory, and on this petition a rule in prohibition was awarded.

Chapter 56, Acts of the Legislature 1937 (Ch. 8A, Michie Code 1937) is known as the "Municipal Home Rule Law", and was enacted under authority of Section 39 (a), Article 6 of the Constitution of this state, which reads as follows:

232

"No local or special law shall hereafter be passed incorporating cities, towns or villages, or amending their charters. The legislature shall provide by general laws for the incorporation and government of cities, towns and villages and shall classify such municipal corporations, upon the basis of population, into not less than two nor more than five classes. Such general laws shall restrict the powers of such cities, towns and villages to borrow money and contract debts, and shall limit the rate of taxes for municipal purposes, in accordance with section one, article ten of the constitution of the state of West Virginia. Under such general laws, the electors of each municipal corporation, wherein the population exceeds two thousand, shall have power and authority to frame, adopt and amend the charter of such corporation, or to amend an existing charter thereof, and through its legally constituted authority, may pass all laws and ordinances relating to its municipal affairs: Provided, That any such charter or amendment thereto, and any such law or ordinance so adopted, shall be invalid and void if inconsistent or in conflict with this constitution or the general laws of the state then in effect, or thereafter, from time to time enacted."

From a reading of this constitutional provision, it will be noted that no local or special law may hereafter be enacted incorporating cities, towns or villages or amending their charters. It is conceded that the City of Bluefield is acting under a special charter and that no provision is contained in said charter under which its territory may be expanded. This being true, and the constitution prohibiting special laws for that purpose, its power to take in additional territory, but for the act in question, is non-existent, and this likewise applies to other municipalities throughout the state.

On this background it would appear that the purpose of Article 6 of Chapter 56 was to provide by general law for the expansion of the territory of municipalities, and that article provides two methods, one by way of a vote of the public concerned for the consolidation of municipali-

ties or the annexation of unincorporated contiguous territory (Secs. 1-24), and the other providing for annexation where the change may be considered only a "minor boundary adjustment" (sec. 25). The provision of the latter section which stipulates that "if the annexation is substantially opposed * * * by a proper party" upon a hearing thereunder, the circuit court shall dismiss the petition, indicates clearly that this method, as a practical matter, can only be followed where there is almost unanimous approval thereof. What the term "substantially opposed" means we do not now undertake to say, because it is not involved in the case before us. We think the statute covering the consolidation of towns and cities and extension of their boundaries is general legislation applying to municipalities within the act, constituting an amendment to existing charters within the meaning of Section 11, Article 1, and may be invoked without any action by the municipality upon other articles and sections of the act which do require a vote. Our view in this regard is strengthened by reference to Sections 9 and 10:

*Section 9.*
"The corporate being and powers of every city now existing is hereby confirmed. General and special laws and municipal charters in effect upon the adoption of this chapter shall remain in operation and effect unless amended or repealed by this chapter, or until amended or repealed by a general law hereafter enacted, or until a municipal charter is amended in accordance with article two of this chapter."

*Section 10.*
"A city which shall continue to operate under a charter in force upon the effective date of this chapter may by charter amendment hereunder adopt any of the powers conferred by articles four and five of this chapter. It shall derive none of those powers from this chapter until so adopted. * * *"

Article 2 of the act provides for an election, and Articles 4 and 5, upon which a vote must be had, refer to the

234

general powers of municipalities and to taxation and finance. There is no requirement that any of the provisions of the act must lie dormant until a vote adopting the same has been had, except as to Articles 4 and 5, and we are impressed with the view that the requirement of a vote is limited to those articles, and that all other sections of the act may be used, under its terms and requirements, without the municipality having adopted any of the provisions of Articles 4 and 5, as to which an election is required.

Holding these views, the writ prayed for will be denied.

*Writ refused.*