*Re:* IN THE MATTER OF THE PROPOSED ANNEXATION TO
THE CITY OF MORGANTOWN, *etc.*

(No. 13638)

Decided July 23, 1976.

David L. Solomon, Prosecution Attorney, *Beverly Stickman*, Legal Intern, for County Commission.

*Frank J. DePond, William A. Moreland* for City of Morgantown.

FLOWERS, JUSTICE:

The subject matter of this appeal is the annexation of 643.7845 acres of land to the corporate limits of the City of Morgantown. The City petitioned the County Commission of Monongalia County to annex the acreage as a minor boundary adjustment pursuant to the provisions of *W. Va. Code,* 8-6-5, *as amended.* Of the 643.7845 acres, the City owned 639.5246 acres upon which it operated and maintained a municipal airport. The remaining 4.26 acres were owned by Guy F. Harner and Fairlawn Homes, Inc. Three persons resided on the acreage to be annexed. None were freeholders. After a hearing, the County Commission entered an order refusing the prayer of the annexation petition filed by the City. The city sought a review of that order by writ of error to the Circuit Court of Monongalia County. The Circuit Court reversed the judgment and ordered the proposed annexation. From that judgment, the County Commission was awarded a writ of error to this Court to review the propriety of the judgment of the Circuit Court.

The City initially contends that the County Commission is not a proper party appellant. Such assertion constitutes a challenge to the jurisdiction of this Court to entertain the writ of error. *See, Mackin v. County Court,* 38 W. Va. 338, 350, 18 S.E. 632, 636, (1893). If the County Commission has no right to obtain a writ of error, the appeal must be dismissed as improvidently awarded. *Williamson v. Hays,* 25 W. Va. 609 (1885). Preliminary to a determination of whether the County Commission is a party to the proceeding and is aggrieved by the judg-

ment rendered in the circuit court, a brief recitation of the events preceding the appeal will perhaps be helpful.

The annexation petition filed by the City with the County Commission met the statutory requirements set forth in *W. Va. Code*, 8-6-5, *as amended*. In response to the petition the County Commission entered an order filing the petition and reciting that it "appeared" that the statutory requirements for the petition had been met and that the annexation prayed for was only a minor boundary adjustment. The order set a date for hearing and required publication of a notice of the hearing as a Class II-O legal advertisement in compliance with the provisions of *W. Va. Code*, 8-6-2, *as amended*.

At the hearing on February 25, 1975, the Commission entertained evidence on the proposed annexation. The evidence established that a notice of the hearing had been properly published and other statutory requirements had been met. The City, through its city engineer, offered evidence that the tract of 643.7845 acres represented one percent of the total area of the city[1] and that the City already provided all municipal services to the area.

A citizen of Morgantown, Milton Cohen, who did not live or own property in the area of proposed annexation objected to the annexation upon the ground that it did not constitute a minor boundary adjustment. He contended that annexation should not be effected absent a public hearing and citizen participation through an election. Cohen filed his written objections with the Commission praying that the petition for annexation be rejected.

On March 31, 1975, the County Commission entered an order rejecting the annexation petition. The decision

---

[1]The County Commission attached a letter as an exhibit in its brief to this Court, from the city engineer, containing facts which indicate that the one percent figure was erroneous. Evidence presented in this fashion, however, cannot be considered on appeal. Rule IX, Rules of the Supreme Court of Appeals.

was based on findings of the Commission that the excessive amount of acreage involved, as a matter of law, did not constitute a minor boundary adjustment and that the annexation did not improve, straighten or align existing boundaries and would create unreasonable corporate boundaries.

The City petitioned the Circuit Court of Monongalia County for a writ of error from the order of the Commission. The County Commission filed a demurrer and motion to dismiss the petition.

The Circuit Court denied the demurrer and motion to dismiss and reversed the order of the County Commission on the ground that the findings of the Commission were not pertinent to the issue except the finding of acreage, which did not remove the petition for annexation from the provisions of the statute permitting minor boundary adjustments. The Circuit Court granted the minor boundary adjustment to include the 643.7845 acres.

In view of the challenge to the jurisdiction of this Court, we must determine initially whether the County Commission is a proper party appellant. Both the special qualifications of the County Commission as a litigant and the general qualifications as an appellant must be reviewed. To obtain an appeal or writ of error from this Court, a petitioner must be "a party to a controversy" in the lower court and aggrieved by the judgment rendered. *W. Va. Code*, 58-5-1; *Williamson v. Hays, supra.* Our jurisdiction to review the decision of the circuit court, therefore, is dependent upon whether the County Commission is an aggrieved party legally entitled to prosecute an appeal. The Commission's status in this regard turns in part upon its function and the nature of its powers in an annexation proceeding.

The Municipal Home Rule Amendment,[2] ratified in 1936, required the Legislature to provide by *general law*

---

[2]*Constitution of West Virginia*, Article VI, §39(a).

for the incorporation and government of all municipalities. Prior to this constitutional amendment, the Legislature with very limited restriction, was empowered to exercise its absolute power over municipalities through special acts.[3] In response to the mandate of the new constitutional provision, the Legislature in 1937 enacted general laws providing for the increase and decrease of territorial limits.[4] These annexation statutes, now contained in Article six of Chapter eight of The Code of West Virginia, provide three methods for properly altering municipal boundaries by annexation of additional territory. Section 2 provides for annexation upon an election initiated by a petition. Section 4 provides for annexation without an election upon petition of sixty percent of the voters and freeholders of the additional territory. Section 5 authorizes annexation "by minor boundary adjustment".

Through the enactment of these general laws, the Legislature delegated certain functions and responsibilities to the county commission of each county. A county commission is required to perform a ministerial function when it enters an order reflecting the change in boundaries after municipal authorities certify compliance with the statutory procedures of Sections 2 or 4.[5] The powers delegated to a county commission under Section 5, however, are broader in scope and encompass more than the performance of a ministerial duty.

In enacting Section 5, the Legislature provided for a method of annexation which requires neither an election nor a formal petition of the qualified voters of the municipality or the territory to be annexed. It authorizes annexation by minor boundary adjustment upon proper application to the county commission. The provisions of

---

[3]*See, Booten v. Pinson,* 77 W. Va. 412, 89 S.E. 985 (1915).
[4]Chapter 56, Acts of the Legislature, Regular Session, 1937.
[5]*Code* 8-6-3 and 8-6-4.

Section 5 vest a county commission with a responsibility of administering the law according to specific statutory standards. Upon application by the governing body of a municipality for a minor boundary adjustment, the commission must determine that the application discloses the number of persons residing within the territory to be annexed and has attached an accurate map thereof. If the commission is satisfied that the proposed annexation is only a minor boundary adjustment, it must hold a hearing after giving notice by publication and by posting. If the freeholders of the proposed area are not "substantially opposed" to the change, the commission may effect the same by order. If the change "is substantially opposed", the commission must dismiss the application. It has been held that, as a practical matter, almost unanimous approval by the freeholders of the territory is required. *Frazier v. Easley*, 121 W. Va. 230, 2 S.E.2d 769 (1939).

The delegation of a county commission of the power to annex territory to municipalities by minor boundary adjustment, therefore, is not without limitation. Clearly, statutory standards are prescribed. The commission, like the numerous administrative bodies which populate government, must apply the law to the facts.

The County Commission of Monongalia County performed its function, apparently reversing its initial determination that the proposed annexation was a minor boundary adjustment. The City pursued its rights to an appeal before the Circuit Court where a different conclusion was reached.[6] The County Commission appeared and filed certain pleadings in the Circuit Court. The act of filing pleadings alone does not make the Commission a proper party appellant. The Commission must demonstrate its rights to defend its decision upon appeal to the Circuit Court and to prosecute an appeal to this Court.

---

[6]We do not reach the question of whether the Circuit Court erred in this regard due to the disposition of the matter on jurisdictional grounds. *See, Pioneer Co. v. Hutchinson*, _____ W. Va. _____, 220 S.E.2d 894 (1975).

Neither the annexation statutes nor other general statutory authority vests the Commission with such rights.

The powers exercised by the county commission with regard to municipal annexation are wholly statutory and it can exercise no other powers except those implicit in the specific grant. The nature and character of the function of the commission with regard to annexation by minor boundary adjustment precludes the hypothesis that the Legislature intended it should have the power to appear and defend the legality of its own decisions or to prosecute an appeal from a reversal of its decision. *Miles v. McKinney,* 147 Md. 551, 199 A. 540 (1938).[7] The County Commission has no more right to appeal than a circuit court the judgment of which is attacked by one of two litigants upon appeal to this Court. Its function is that of an administrator and not a party to the proceedings. *Miles v. McKinney, supra.*

Finally, we hold that the County Commission has no interest, personal or official, in municipal annexation matters which come before it other than to administer the law. Article six sufficiently identifies those who have an interest in annexations as including the governing body of the municipality and the qualified voters and freeholders of the municipality and of the territory to be annexed.

The County Commission, the sole appellant in these proceedings, had neither statutory authority nor standing as an aggrieved party to prosecute an appeal. The writ of error was thus obtained by one who had no right to apply for appellate relief, and, therefore, we are without jurisdiction to review the merits of the judgment of the Circuit Court.

For the reasons stated in this opinion, this writ of error is dismissed as improvidently awarded.

> *Dismissed as*
> *improvidently awarded.*

---

[7]*See, In Re Webb,* 269 A.2d 413 (Del. 1970); *Pennsylvania Labor Relations Bd. v. Heinel Motors,* 344 Pa. 238, 25 A.2d 306 (1942).