512 S.E.2d 881

**Sheila STAPLETON, et al., Appellees,**

v.

**BOARD OF EDUCATION OF the COUNTY OF LINCOLN, et al., Appellants.**

**No. 25054.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 16, 1998.

Decided Dec. 15, 1998.

William B. McGinley, Esq., Charleston, West Virginia, Attorney for the Appellees.

Erwin L. Conrad, Esq., Fayetteville, West Virginia, Attorney for the Appellants.

PER CURIAM:

This case is before this Court upon an appeal from an order granting mandamus relief entered by the Circuit Court of Lincoln County on August 26, 1997. Pursuant to the order, the circuit court directed the appellant, the Lincoln County Board of Education [hereinafter "the Board"], to provide planning periods to the appellees, teachers at four Lincoln County schools,[1] as set forth in W.Va.Code § 18A–4–14(2) (1993). The Board was further ordered to provide compensation to the teachers for each day they did not receive a planning period during the 1996–97 school year, and to pay attorney's fees. In this appeal, the Board contends the writ of mandamus was improper because the teachers had previously sought relief through the grievance procedure set forth in W.Va. Code §§ 18–29–1 to 18–29–11 (1992). Upon review of the petition for appeal, all matters of record, and the briefs of counsel, we vacate the writ of mandamus issued by the circuit court.

I.

The facts in this case are not in dispute. The appellees are full-time teachers who were employed by the Board during the 1996–97 school year. At the beginning of that year, the Board failed to schedule planning periods for the teachers even though W.Va.Code § 18A–4–14(2) provides that "[e]very teacher who is regularly employed for a period of time more than one-half the class periods of the regular school day shall be provided at least one planning period within each school instructional day to be used to complete necessary preparations for the instruction of pupils."

On September 10, 1996, the teachers filed a grievance as provided for in the education employees' grievance procedure, codified in W.Va.Code §§ 18–29–1 to 18–29–11. The grievance was denied at Level I on September 18, 1996, and a Level II hearing was held

---

1. The four schools are Midway Elementary, Hamlin Elementary, Griffithsville Elementary, and the Charles Yeager Career Center.

on October 2, 1996. However, the Level II decision, also a denial of relief, was not rendered until May 7, 1997. In the interim, the teachers filed a petition for a writ of mandamus with the circuit court pursuant to W.Va. Code § 18A–4–13 (1969), seeking to require the Board to comply with its statutory obligation to provide planning periods.

Upon receipt of the Level II decision, the teachers appealed to the Level IV hearing examiner for the Education Employees Grievance Board. On August 12, 1997, the Grievance Board rendered a decision denying the grievance.[2] Shortly thereafter, on August 26, 1997, the circuit court issued its decision granting mandamus relief.

## II.

We have often stated that "[t]he standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is *de novo.*" Syllabus Point 1, *O'Daniels v. City of Charleston,* 200 W.Va. 711, 490 S.E.2d 800 (1997). *See also* Syllabus Point 2, *McComas v. Board of Educ. of Fayette County,* 197 W.Va. 188, 475 S.E.2d 280 (1996); Syllabus Point 1, *Staten v. Dean,* 195 W.Va. 57, 464 S.E.2d 576 (1995). Therefore, "we consider *de novo* whether the legal prerequisites for mandamus relief are present." *State ex. rel. Cooper v. Caperton,* 196 W.Va. 208, 214, 470 S.E.2d 162, 168 (1996) (citations omitted). As we explained in Syllabus Point 2 of *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969): "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." *See also* Syllabus Point 1, *State ex rel. Aaron v. King,* 199 W.Va. 533, 485 S.E.2d 702 (1997); Syllabus Point 1, *State ex rel. East End Assoc. v. McCoy,* 198 W.Va. 458, 481 S.E.2d 764 (1996).

In this appeal, the Board claims that the prerequisites necessary for a writ of mandamus could not have coexisted at the time the petition was filed, nor at the time the mandamus relief was granted. More specifically, the Board asserts that the appellants had another adequate remedy via the education employees' grievance procedure, and were, in fact, pursuing that remedy at the time they filed the petition for writ of mandamus with the circuit court. Relying upon our recent decision in *Ewing v. Board of Education of Summers County,* 202 W.Va. 228, 503 S.E.2d 541 (1998), the Board contends that because the teachers chose to seek redress through the educational employees' grievance procedure first, they were precluded from pursuing the petition for writ of mandamus until the grievance procedure was exhausted.

In *Ewing,* the appellee challenged a hiring decision of the Summers County Board of Education made pursuant to W.Va.Code § 18A–4–7a (1993). The appellee filed a grievance, but requested a continuance at Level II in order to file and pursue a petition for a writ of mandamus. Ultimately, the appellant was granted mandamus relief and the Summers County Board of Education appealed to this Court. Among the errors assigned was the circuit court's failure to dismiss the petition for writ of mandamus on the basis that the appellee had not exhausted the grievance procedure.

Our examination of W.Va.Code § 18A–4–7a revealed two remedies available to an individual who has been adversely affected by a board of education's hiring decision. In addition to the statutory grievance procedure set forth in W.Va.Code §§ 18–29–1 to 18–29–11, the express language of W.Va.Code § 18A–4–7a provides for mandamus relief.[3] Upon further review of the nature and scope of these two remedies, we determined that if an individual was able to pursue both remedies simultaneously, the end result would be "stalled" proceedings contravening the public's interest in promptly and efficiently re-

---

**2.** Seeking to preserve their rights, the teachers appealed the Level IV decision to the circuit court.

**3.** W.Va.Code § 18A–4–7a (1993) provides, in pertinent part: "Any board failing to comply with the provisions of this article may be compelled to do so by mandamus . . ."

solving education grievances. *Ewing*, 202 W.Va. at 238–39, 503 S.E.2d at 551–52. Therefore, we held in Syllabus Point 6 of *Ewing* that:

When an individual is adversely affected by an education employment decision rendered pursuant to W.Va.Code § 18A–4–7a (1993) (Repl.Vol.1997), he/she may obtain relief from the adverse decision in one of two ways. First, he/she may request relief by mandamus as permitted by W.Va.Code § 18A–4–7a. In the alternative, he/she may seek redress through the educational employees' grievance procedure described in W.Va.Code §§ 18–29–1 to 18–29–11 (1992) (Repl.Vol.1994). Once an employee chooses one of these courses of relief, though, he/she is constrained to follow that course to its finality.

After reviewing the record and applicable statutes, we agree with the Board's contention that our holding in *Ewing* applies in the instant case. Like the appellee in Ewing, the teachers in this case had two options available to challenge the Board's decision to not schedule planning periods for them during the 1996–97 school year. They could file either a grievance or a petition for a writ of mandamus. Although W.Va.Code § 18A–4–14 does not expressly provide for mandamus relief, W.Va.Code § 18A–4–13 states that "[a]ny board failing to comply with the provisions of this article may be compelled to do so by mandamus." Thus, a petition for a writ of mandamus is an appropriate method to seek redress for a board's failure to comply with W.Va.Code § 18A–4–14.

As briefly mentioned above, in *Ewing*, we discussed the ramifications of allowing an individual to pursue both a grievance and a petition for a writ of mandamus contemporaneously. We concluded that permitting that course of action would emasculate the entire grievance procedure as it is presently structured. *Ewing*, 202 W.Va. at 238–39, 503 S.E.2d at 551–52. The same concerns we

expressed in *Ewing* are present here. Whether an individual is challenging a board's hiring decision or a board's failure to provide planning periods, the matter needs to be resolved promptly and efficiently.

We note that the teachers maintain they made a good faith effort to resolve their problem through the grievance process. They assert that they only resorted to filing a petition for a writ of mandamus because the Level II decision was not forthcoming. As they point out, the Level II decision was not rendered until two months after the mandamus petition was filed. While we understand the teachers' frustration with the prolonged grievance procedure, the statutes cannot be consistently construed to allow concurrent grievance and mandamus proceedings. *See Ewing*, 202 W.Va. at 239, 503 S.E.2d at 552. *See also* Syllabus Point 3, *Spahr v. Preston County Bd. of Educ.*, 182 W.Va. 726, 391 S.E.2d 739 (1990) ("The legislative intent expressed in W.Va.Code 18–29–1 (1985), is to provide a simple, expeditious and fair process for resolving problems.") We do not intend to imply that mandamus never plays a role in the context of pending grievance proceedings. As we explained in *Ewing*, "[o]nce an employee had initiated a grievance, he/she may seek relief via mandamus only for the limited purpose of curing procedural defects in the grievance process." 202 W.Va. at 238, 503 S.E.2d at 551. However, mandamus may not be used for any other purpose until the grievance has been resolved.

In this instance, the teachers initially chose to seek relief through the employees' grievance procedure. That choice foreclosed the possibility of contemporaneously therewith seeking the same relief by mandamus until the grievance procedure had been completely followed and exhausted.[4] Accordingly, for the reasons set forth above, the final order of the Circuit Court of Lincoln County is reversed and the writ of mandamus is hereby

---

4. We find no merit to the teachers' contention that *Ewing* does not apply simply because it was not decided until after the circuit court had granted mandamus relief in this case. While we have relied upon *Ewing* in this opinion, we cannot conclude that our interpretation of the statutes would have been different without this precedent.

vacated.[5]

Reversed and writ vacated.

Justice McGRAW did not participate in the decision of this case.

MAYNARD, Justice, dissenting:

The court of Fussbudget, Peeves, and Quarrels is again in session; Judge Maynard presiding. I am fussing today, and I dissent because, contrary to the majority, I do not believe that our decision in *Ewing* is applicable here. *Ewing* applies to teacher complaints concerning hiring decisions. The instant case, on the other hand, concerns a situation where innocent third parties, the school children, are impacted by the Board of Education's action.

First, let me make clear that I agree with this Court's holding in *Ewing*. Because teachers are afforded two remedies when they are affected by a board of education's hiring decision, it only makes sense that the course of relief chosen at the outset must be followed through to finality before teachers can avail themselves of the other remedy. In hiring cases, the aggrieved teacher is normally the only party personally involved with the board's decision and the resulting legal processes.

This is factually distinguishable from the case *sub judice*. Here, a hiring decision is not involved but rather a condition of employment which affected hundreds of school children. While the procedural devices and timetables of the Education Employees Grievance Board may suffice to redress the wrongs done to a teacher, they are plainly not adequate when innocent third parties are involved. These poor school children suffered for over a year with teachers who were not afforded planning periods. These planning periods are a crucial part of the teachers' workday. As stated in the statute, they are needed "to complete necessary preparations for the instruction of pupils." W.Va. Code § 18A–4–14(2) (1993), in part. In fact, a single planning period per day is generally not enough time for teachers to prepare class, grade papers, and complete other necessary paperwork. Teachers, because they are dedicated professionals, often work at night, on their own time, in order to complete their tasks. Because these teachers were not afforded necessary planning periods, they were not as well-prepared as they would have been otherwise. As a result, irreparable harm was done to the education of hundreds of school children who were forced to wait an entire school year while this case slowly oozed through the thick muck of the administrative grievance process. This is a full year of tarnished education that cannot be given back to these school children.

In addition, I do not agree with the majority's conclusion that by reversing the decision of the circuit court, this matter will be resolved in a more efficient manner. The majority reasons that the grievance procedure provides an adequate remedy in this instance and will result in a more prompt resolution of this matter. This simply is not true. Look at the facts. On September 10, 1996, the teachers filed a grievance as provided for in the education employees' grievance procedure. It was not until August 12, 1997, over eleven months after the grievance was filed, that the Level IV hearing examiner rendered a decision denying the grievance. Meanwhile, almost an entire school year had come and gone and another school year was about to begin. On August 26, 1997, the circuit court correctly granted mandamus relief.[1] Absent this relief, the teachers and their students simply would have been forced to wait until the circuit court ruled on the teachers' appeal from the Level IV decision.

All of this is even more frustrating when one considers that the teachers had the law on their side all along. Clearly, the teachers have an absolute right to a planning period during the course of each school day. The language of the statute clearly provides that "[e]very teacher who is regularly employed for a period of time more than one-half the class periods of the regular school day *shall*

---

5. To the extent that no decision has been rendered, the teachers may proceed with their grievance appeal which is apparently pending before the circuit court. *See* note 3, *supra*.

1. The record indicates that the Lincoln County Board of Education now affords all Lincoln County teachers planning periods.

*be provided at least one planning period."* W.Va.Code § 18A–4–14(2) (1993), in part (emphasis added). *See also Gant v. Waggy,* 180 W.Va. 481, 483, 377 S.E.2d 473, 475 (1988) *(per curiam)* ("In *W.Va.Code,* 18A–4–14, the Legislature has indicated that there will be at least one planning period within each regular school day[.] This Court believes that the plain meaning of this language is inescapable. Each teacher must be provided with at least one planning period of the length of the usual class period in the school[.]").

For the period of a year, the Board of Education wrongly denied teachers a statutorily mandated daily planning period. In a classic example of administrative lethargy and ineptitude, it took the Education Employees Grievance Board the same amount of time to conclude, in a Level IV decision, that the Board of Education was right! Not until the circuit court issued its decision granting mandamus relief was something correct done in this case. Now the majority reverses the only legally correct decision made here.

By failing to afford planning periods to the teachers in this case, the Lincoln County Board of Education not only violated a statute, but also did a great disservice to hardworking teachers and their students. The Education Employees' Grievance Board and now this Court perpetuates this disservice. Accordingly, I respectfully dissent.